IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, CHIEF JUDGE

Civil Action No. 04-CV-01264-LTB-OES

MARY M. HULL,

     Plaintiff,

v.

UNITED STATES DEPARTMENT OF LABOR,

     Defendant.

---

# ORDER

---

This Order concerns an *in camera* review of documents developed by the United States
Department of Labor ("DOL") as part of an investigation of the Qwest Pension Plan, responsive
to a request under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, et seq., by plaintiff
Mary Hull ("Hull").  This Court finds that some of these documents are exempt from release
under FOIA and some are not exempt and must be released to Hull.

## I.  BACKGROUND

Hull is a retiree of U.S. West and a participant in the U.S. West/Qwest Pension Plan
(Qwest assumed control of the Pension Plan when it merged with U.S. West in 2000.) Hull is
active in a U.S. West/Qwest retirees group, and became concerned about the status of the Pension
Plan when retirees began hearing rumors about a DOL investigation of the Pension Plan. Hull
originally filed her FOIA request March 3, 2004 seeking documents from DOL concerning its
investigation into the Qwest Pension Plan ("QPP"). My previous Order of December 2, 2005
describes in detail the history of this FOIA request, which documents have and have not been

provided to Hull, and why.  The Order of December 2, 2005  denied in part and granted in part

the DOL's motion for summary judgment, and denied in part and granted in part Hull's motion

for *in camera* review of certain documents the DOL denied to Hull under FOIA exemption 5, 5

U.S.C. § 552(b)(5). Pursuant to that Order, on December 11, 2005 the DOL delivered to this

court 63 pages of documents for *in camera* review.

## II.  STANDARD OF REVIEW

FOIA provides the public an enforceable  right of access to federal agency records, subject

to nine exemptions. *Anderson v. Dep't of Health and Human Services,* 907 F.2d 936, 941 (10th

Cir. 1990). The essential purpose of FOIA is to "ensure an informed citizenry, vital to the

functioning of a democratic society, needed to check against corruption and to hold the governors

accountable to the governed." *NLRB v. Robbins Tire & Rubber Co.,* 437 U.S. 214, 242 (1978).

The FOIA is broadly construed in favor of disclosure, and its exemptions are to be narrowly

construed. *Anderson,* 907 F.2d at 941. "The federal agency resisting disclosure bears the burden

of justifying non-disclosure." *Id.*   A district court reviews *de novo* an agency's decision to

withhold information, and must determine whether the information denied properly falls into a

specific enumerated FOIA exemption. *Id.*

FOIA exemption 5 allows agencies to withhold "inter-agency or intra-agency

memorandums or letters, which would not be available by law to a party other than an agency in

litigation with the agency." 5 U.S.C. § 552(b)(5). Exemption 5 has been construed to include

communications that reveal an agency's deliberative process. *Casad v. U.S. Dep't of Health and

Human Services*, 301 F.3d 1247, 1251 (10th Cir. 2002).

To withhold a document as part of an agency's deliberative process, the agency must

satisfy several specific steps. A federal agency must first show that a document is "inter-agency" or "intra-agency." *See Id.* at 1253. Hull does not dispute that all of the documents at issue here are communications among DOL officials or between DOL officials and officials at other agencies.  An agency must next show that the document is  "both pre-decisional and deliberative." *Mapother v. Dep't of Justice*, 3 F.3d 1533, 1537 (D.C. Cir. 1993). A document is pre-decisional if it is "antecedent to the adoption of an agency decision." *Jordan v. United States Dep't of Justice*, 591 F.2d 753, 774 (D.C. Cir. 1978)(en banc).  A document is deliberative if it is a "direct part of the deliberative process in that it makes recommendations or expresses opinions on legal or policy matters." *Vaughn v. Rosen*, 523 F.2d 1136, 1143-44 (D.C. Cir. 1975).    An agency seeking to withhold a document as part of a deliberative process has the burden of "establishing what deliberative process is involved, and the role played by the documents in issue in the course of that process." *Coastal States Gas Corp. v. Department of Energy,* 617 F.2d 854, 868 (D.C.Cir. 1980).        In an *in camera* review, I must determine whether these documents satisfy the requirements of exemption 5, described above.

## III.   ANALYSIS OF DOCUMENTS

The December 2, 2005 Order identified specific documents the DOL withheld from Hull to be submitted to the Court for *in camera* review to ascertain if they are covered by exemption 5. These documents total 63 pages: 59 pages withheld in total (Bates Numbers 750-758, 2905-2909, 2942, 2947, 2948, 4991, 4992, 2956, 2966, 5009, 2967, 5010, 2968, 5011, 5007, 5482 to 5486, 5498 to 5521, 5487, 5488 and 5490), and 4 pages withheld in part that DOL will release with redactions (Bates numbers 2927- 2928 and 4989 - 4990). The DOL submitted redacted and unredacted versions of these latter documents for the Court's review.

3

A.   Documents withheld in full.

1. Bates Numbers 750-758

This document appears to be a case file describing the status of investigations into the U.S. West Pension Plans prior to the investigation at issue in this FOIA request. It does not contain any substantive information regarding the current investigation. It describes the status and results of an investigation that the documents describe as closed as of February 28, 2000. These documents report on agency actions already taken, and so are not part of an agency deliberative process. These documents are not covered by exemption 5.

2. Bates Numbers 2905 - 2909

This document appears to be a draft Agreement between the Department of Labor and the Qwest Pension Plan. It has numerous hand-written notations. This document appears on its face to be a working draft of a document, and as such is pre-decisional to a final draft. It therefore falls under exemption 5.

3. Bates Number 2942

This is an email concerning the Agreement in Bates Numbers 2905 - 2909 (above). It involves discussions between the DOL's Pension and Welfare Benefits Administration (EBSA) and the Internal Revenue Service (IRS) regarding the Agreement. Since the Agreement was not yet issued in final form, and this document relates to the Agreement, this email is covered by exemption 5.

4. Bates Numbers 2947-2948 and 4991-4992

This document is notes of a meeting between IRS and EBSA officials to discuss

4

coordination of the investigations and audits by the two agencies. Since these documents relate directly to these investigations and are preliminary to them, they are covered by exemption 5.

5. Bates Number 2956

This is an email that directly concerns ongoing investigations of the QPP. It relates to a substantive discussion between two government officials regarding specific issues in this investigation. It is directly related to specific decisions regarding these investigations, and is covered by exemption 5.

6. Bates Numbers 2966 and 5009.

This is a report of a conversation between an IRS official and a DOL official regarding certain issues involved in the audit and investigation of the QPP. It is covered by exemption 5.

7. Bates Numbers 2967 and 5010

This is a memo describing a conference call, apparently among DOL officials, regarding the status of the QPP investigation. The memo describes substantive issues that were part of DOL's internal deliberations regarding the investigation.  It is thus covered by exemption 5.

8. Bates Number 2968 and 5011

This is a memo describing a conversation between an IRS official and a DOL official regarding the QPP. It refers to the status of the investigation within DOL and activities undertaken by the IRS to review various Qwest documents. This memo bears directly on the DOL investigation of the QPP and is thus covered by exemption 5.

9.  Bates Number 5007

This is an email from a DOL employee describing certain features of the QPP and is part of DOL's internal investigation of the QPP. It is covered by exemption 5.

10.    Bates Number 5482- 5486

This is a transmittal letter from the Regional Director of the EBSA to the DOL Director of Enforcement, describing the attached referral letter (see below.)  This letter describes the QPP, the issues identified by the DOL, and states clearly that DOL has not yet reached a final decision on whether or what kind of action to take. Since it is part of DOL's internal decision process regarding acting on the QPP, it is covered by exemption 5.

11.    Bates Numbers 5498 - 5521

This is the referral described above. It provides DOL's analysis of the issues it has identified in the QPP and describes DOL's concerns. While the memo contains the author's conclusions on specific subject areas, it also clearly states that the Regional Director is seeking the feedback of the Enforcement Office before making a final decision on what action, if any, it will take. As such, this memo is part of the DOL's internal deliberations on the Qwest investigation and is covered by exemption 5.

12. Bates Numbers 5487 and 5488

This is a letter from an official at the DOL to an official at the IRS requesting an interpretation by the IRS General Counsel on issues related to the QPP investigation. The letter states clearly that the DOL cannot proceed to a final decision on what action, if any, to take on the Qwest pension plan until it receives guidance from the IRS. This letter is clearly part of the QPP investigation and is preliminary to a final decision. It is thus covered by exemption 5.

13. Bates Number 5490

This is an internal memorandum from one office of DOL to another DOL office seeking their "technical assistance and guidance" on issues relating to the QPP investigation. The memo requests the recipients "views on this matter." This memo relates to the QPP investigation and is prior to a final decision. It is covered by exemption 5.

B.      Redacted Documents: Bates Numbers 2927-2928 and 4989-4990

The DOL has provided 2 documents, comprising four pages, that it has redacted under exemption 5.   The DOL has provided the redacted and unredacted versions so that I can more readily determine if the redacted portions are covered by exemption 5.

All of the redacted portions of these documents reflect the opinions of a DOL official. These opinions relate directly to the Qwest investigation and do not represent the final agency position or decision on this issue. They are properly withheld under exemption 5.

Therefore, it is so ordered that, of the documents withheld by the Department of Labor and submitted for *in camera* review pursuant to my Order of December 2, 2005:

1) The documents identified as Bates Numbers 750-758 are not covered by FOIA Exemption 5, 5 U.S.C. § 552(b)(5), and must be released to Hull, and

2) The documents identified as Bates Numbers 2905 - 2909, 2942, 2947, 2948, 4991, 4992, 2956, 2966, 5009, 2967, 5010, 2968, 5011, 5007, 5482 to 5486, 5498 to 5521, 5487, 5488 and 5490 are covered by FOIA Exemption 5, 5 U.S.C. § 552(b)(5), and are exempt from release, and

3) The documents identified as Bates numbers 2927 - 2928 and 4989 - 4990 have been

7

redacted in compliance with FOIA Exemption 5, 5 U.S.C. § 552(b)(5), and may be released to Hull with redactions.

**DONE and ORDERED,** this ___13[th]___ day of January, 2006 at Denver, Colorado.

s/Lewis T. Babcock
United States District Chief Judge